IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JARRETT LOPEZ,<br><br>        Plaintiff,<br>   v.<br><br>California Highway Patrol Officer F.<br>BANUELOS (18068), et. al.,<br><br>        Defendants. | 1:11-CV-466 AWI JLT<br><br>PRE-TRIAL ORDER<br><br>Motions In Limine Hearing &<br>Trial Confirmation:<br>   DECEMBER 18, 2012<br>   10:00 a.m., Courtroom 2<br><br>Trial: JANUARY 8, 2013<br>       8:30 a.m., Courtroom 2<br><br>**RULES OF CONDUCT** |

The pretrial conference was held on November 7, 2012. The trial in this matter is set for January 8, 2013. The parties currently estimate that the trial will last no more than 5 days.

<u>I.  Jurisdiction and Venue</u>

There are no disputes regarding jurisdiction or venue in this action. The Court has federal question jurisdiction based on Plaintiff's claims under 42 U.S.C. § 1983.

<u>II.  Jury Trial</u>

This case will be tried before a jury.

<u>III.  Facts</u>

   <u>A.  Undisputed Facts</u>

   1. On March 21, 2009, at approximately 0150 hours, defendants Francisco Banuelos and Sally Carrasco, both officers from the California Highway Patrol and while on duty, conducted a vehicle stop of plaintiff Paul J. Lopez at or about the intersection of Coffee Road and Granite Hills Drive in the City of Bakersfield, California.

2.  After parking his vehicle in a parking lot of a restaurant near the intersection, plaintiff Paul Lopez stepped out of his vehicle without a command or prompting from the defendant officers.  He approached the officers.

3.  Plaintiff Paul Lopez had a conversation with the defendant officers, at which time he began to run from the location heading east along the north side of Granite Falls Drive.

4.  Officers Banuelos and Carrasco ordered plaintiff to stop running, which he disregarded.  They then gave chase on foot.

5.  Officers fired a dart from his duty Taser weapon at plaintiff Lopez in an effort to stop him from escaping, but the dart missed.  Plaintiff was aware the dart had been fired and missed, but continued running.

6.  Officer Carrasco obtained a ride from an unknown civilian, overtaking and passing plaintiff Lopez as he ran east.  She got out of the vehicle and ordered plaintiff to stop at gunpoint.

7.  Along the entire north side of the sidewalk along Granite Falls Drive there is a cinder block wall approximately 7-8 feet high.

8.  Officer Banuelos fired a second Taser dart at plaintiff Lopez striking him in the back, and causing Lopez to lose control of his body and fall.

9.  Plaintiff Lopez struck the back of his head on the cement sidewalk, suffering injuries.  Officers Banuelos and Carrasco summoned emergency medical personnel, who arrived shortly and administered emergency first aid to plaintiff Lopez, and then transported him to Kern Medical Center.

B.  Disputed Facts

1.  Whether Officers Banuelos and Carrasco advised plaintiff Lopez that they were going to arrest him on outstanding warrants in the name of Paul Jeremiah Lopez, another person wanted on three different warrants.

2.  Whether plaintiff Lopez tried to assault Officer Carrasco when she ordered him to stop at gunpoint, or whether he surrendered and physically and audibly informed the officers he "was done" running.

3.  Whether Officer Banuelos fired the Taser dart the second time at plaintiff Lopez in an

effort to protect his partner Officer Carrasco from being assaulted by plaintiff Lopez, or whether he fired the Taser dart to punish plaintiff Lopez for running from the officers.

### C.  Disputed Evidentiary Issues

None identified at this time.

### D.  Special Factual Information

1. Plaintiff Paul Lopez alleges that defendants Carrasco and Banuelos were going to arrest him on warrants for another person whose name was similar but different from his.  He ran from them, and was Tased by officer Banuelos in the back when he was surrendering to the officers.  He alleges the officer improperly and unreasonably used the Taser against him, which is an intermediate and significant level of force which can only be used in repelling an imminent assault which threatens the officers' safety, in violation of his Fourth Amendment right against an unreasonable seizure and actionable under 42 U.S.C. §1983.  He denies attempting to assault officer Carrasco.

Defendants claim plaintiff Lopez ran from them, alerting them to the possibility that he would resort to violence to resist arrest, that they ordered him to stop and he refused, that they fired a Taser dart at him while he was running which missed, and that at the end of the chase he attempted to assault officer Carrasco.  They allege the use of the Taser in such circumstances was not unreasonable and perfectly legitimate according to their training and the law as necessary to prevent the possibility of great bodily injury against officer Carrasco.

2. Plaintiff Lopez is 44 years old, suffered injuries to his neck, back, and brain, and has been diagnosed with Iclonic Toxic Seizures, which occur periodically and particularly at times of great stress and anxiety.  He was hospitalized for a few days, and has been under the care of a doctor for months later until his insurance was cancelled.  He now self-medicates with prescription marijuana, which is more effective than the anti-seizure medication he had been previously prescribed.  Most of the medical care he received was while on insurance with Kaiser Permanente, and they have filed a lien on this litigation.  The total amount of medical expenses is unknown at this time.  Doctors had plaintiff on total disability until his insurance ran out.  He was previously employed full-time as a manager of tire stores, averaging about $45,000 per year, but has been

unemployed since the incident and is unable to obtain employment in the same industry due to the concern of prospective employers that he could suffer a seizure while at work.  He has suffered, and continues to suffer great emotional trauma, both because of the incident and the resulting injuries, and because of the slim prospect that he will again be gainfully employed during his lifetime.

IV.  Relief Sought

Plaintiff seeks compensatory damages for the injuries he suffered, including medical expenses, loss of earnings (both past and future), and general damages for his injuries and emotional distress.

V.  Points of Law

Tasers "used in dart-mode constitute an intermediate, significant level of force that must be justified by the government interest involved."  Bryan v. MacPherson, 630 F.3d 805, 826 (9th Cir. 2010).  The use of a Taser in dart-mode on an unarmed misdemeanant who is noncompliant, but not overtly threatening, or posing any other concern for the safety of the officer or the subject, is unreasonable.

VI.  Abandoned Issues

None identified.

VII.  Witnesses

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

    1.    Paul Lopez
    2.    Francisco Banuelos
    3.    Sally Carrasco
    4.    Raul Angulo
    5.    Alex Elan

6. Eugene Leal

7. Deanna Shanti, girlfriend

8. Kevin West, General Manager Carol's Tire Store

9. Colleen Pollock, Public Defender

10. William J. Meyer, M.D.

11. Ruben Pedro Comelli, M.D.

12. John J. Lewis, M.D.

VIII.  Exhibits

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

1. Medical Records Kern Medical Center

2. Medical Records Kaiser Permanente

3. Medical Records Truxton Radiology Medical Group

4. Medical Records Rosedale Community Health Center

5. Medical Records Fox Medical Group

6. Police Report

7. Taser Record

8. Driver's License

9. Arrest Records/Warrant for Paul Jeremiah Lopez

10. Audiotapes of Radio Transmissions

11. Photographs of Location

12. Photographs of Plaintiffs Injuries

13. CAD Logs/Dispatch Logs

IX.  Discovery Documents To Be Used At Trial

Depositions were taken of the parties (plaintiff Lopez and defendants Banuelos and Carrasco), but the depositions will only be introduced into evidence as possible impeachment.

X.  Further Discovery or Motions

    None identified.

XI.  Stipulations

    None identified.

XII.  Amendments/Dismissals

    None identified.

XIII.  Settlement Negotiations

    The parties do not believe that further settlement negotiations would be helpful.

XIV.  Agreed Statement

    The parties do not believe that presentation of all or part of the case through Agreed Statements would be feasible or advisable.

XV.  Separate Trial Of Issues

    This case will be bifurcated between liability/damages and punitive damages.

XVI.  Impartial Experts - Limitation Of Experts

    The parties do not believe any impartial experts should be appointed by the Court, and have mutually agreed that except for treating physicians, no other experts will be called.

XVII.  Attorneys' Fees

    If he prevails at trial, plaintiff will seek attorney fees pursuant to 42 U.S.C. § 1988 based on contemporaneous time records kept by counsel.  An application for attorney fees would be filed subsequent to trial according to the Local Rules.

XVIII.  Further Trial Preparation

    A.  Final Witness List

    The parties are ordered to file and serve their final list of witnesses by January 3, 2013. Additionally, at that time Plaintiffs shall disclose the order of witnesses so that Defendants will be prepared for cross-examination.

    Except upon the showing set forth above in section VII, a party may not add witnesses to the final list of witnesses, or to any other updated witness list, who are not disclosed in this Order in Section VII.

B.  Trial Briefs

The parties are directed to file and serve a Trial Brief by December 5, 2012.  Local Rule 285.  The parties need not include in the Trial Brief any issue that is adequately addressed in a motion in limine, or in an opposition brief to a motion in limine.  The parties may file a Responding Trial Brief by December 12, 2012.

C.  Duty of Counsel to Pre-Mark Exhibits

The parties are ordered to confer by November 14, 2012, for purposes of pre-marking and examining each other's exhibits.  All joint exhibits must be pre-marked with numbers preceded by the designation JT/-- (e.g., JT/1, JT/2).  All of Plaintiffs' exhibits shall be pre-marked with numbers.  All of Defendants' exhibits shall be pre-marked with letters.

1. Counsel shall create four (4) complete, legible sets of exhibits in binders as follows:

(a) Two sets of binders to be delivered to Courtroom Clerk Harold Nazaroff on January 3, 2013, one for use by the Courtroom Clerk and the other for the court; and

(b) One set for each counsel's own use.

If the parties desire, they may have a fifth set of binders to be used for the purposes of questioning witnesses.

2. Counsel are to confer and make the following determination with respect to each proposed exhibit to be introduced into evidence, and to prepare separate indexes - one listing joint exhibits, and one listing each party's separate exhibits:

(a) Duplicate exhibits, i.e., documents which both sides desire to introduce into evidence, shall be marked as a joint exhibit, and numbered as directed above.  Joint exhibits shall be listed on a separate index, and shall be admitted into evidence on the motion of any party, without further foundation.

(b) As to exhibits that are not jointly offered, and to which there is no objection to introduction, those exhibits will likewise be appropriately marked, e.g., Plaintiffs' Exhibit 1 or Defendants' Exhibit A, and shall  be listed in the offering party's index in a column entitled "Admitted In Evidence."  Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

(c)  Those exhibits to which the only objection is a lack of foundation shall be marked appropriately, e.g., Plaintiffs' Exhibit 2 - For Identification, or Defendants' Exhibit B - For Identification, and indexed in a column entitled "Objection Foundation."

(d) Remaining exhibits as to which there are objections to admissibility not solely based on a lack of foundation shall likewise be marked appropriately, e.g., Plaintiffs' Exhibit 3 - For Identification or Defendants' Exhibit C - For Identification, and indexed in a third column entitled "Other Objection" on the offering party's index.

3. Each separate index shall consist of the exhibit number or letter, a brief description of the exhibit, and the three columns outlined above, as demonstrated in the example below:

INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
| --- | --- | --- | --- | --- |

Two sets of the completed joint index and the separate indexes shall be delivered to the Courtroom Clerk with the two sets of binders on January 3, 2013.

The court has no objection to counsel using copies. However, the copies must be legible. If any document is offered into evidence that is partially illegible, the court may *sua sponte* exclude it from evidence.

D.  Discovery Documents

By January 3, 2013, each party shall file a list of all discovery documents the party intends to use at trial. The list shall indicate whether each discovery document has previously been lodged with the Clerk. If the discovery document has not been previously lodged, the party shall so lodge the document with the Courtroom Clerk by January 3, 2013.

E.  Motions In Limine Hearing and Briefing Schedule

The hearing for motions in limine will be held on December 18, 2012, at 10:00 a.m. In addition to addressing any filed motions in limine, at that time the court will also settle, to the extent possible, any other matter pertaining to the conduct of the trial.

Counsel are expected to be fully cognizant of the legal issues involved in the case by the date of the hearing for motions in limine.

By 4:00 p.m. on November 21, 2012, all motions in limine, with supporting points and authorities, shall be filed and served either personally or by facsimile upon opposing counsel.

By 4:00 p.m. on December 5, 2012, opposition to any motion in limine shall be filed and served either personally or by facsimile upon opposing counsel.  If a party does not oppose a motion in limine, that party shall file and serve in the same manner a Statement of Non-Opposition to that motion in limine.

By 12:00 p.m. on December 12, 2012, any reply to an opposition shall be filed and served either personally or by facsimile upon opposing counsel.  Because the Court will need time to prepare for the hearing on December 18, 2012, the Court is not inclined to consider late replies.

### F.  Morning Conferences During Trial

During the trial, it is the obligation of counsel to meet with the court each morning to advise the court and opposing counsel as to what documents are proposed to be put into evidence that have not previously been admitted by stipulation, court order, or otherwise ruled upon.  The court will rule on those documents, to the extent possible, prior to the commencement of trial each day out of the presence of the jury.  If the ruling depends upon the receipt of testimony, the court will rule as requested upon the receipt of such testimony.

The court shall consider any other legal matter at morning conferences as well.  The court does not wish to recess the trial to hear legal argument outside of the presence of the jury, and proper preparation by counsel will eliminate the need for that result.

### G.  Order Of Witnesses

In order to make the trial operate efficiently and smoothly, each counsel has the continuing obligation to advise opposing counsel as to what witnesses he or she intends to call at each trial session.

## XIX.  Objections to Pretrial Order

Any party may, within ten (10) calendar days after the date of service of this order, file and serve written objections to any of the provisions of this order.  Local Rule 283.  Such objection shall specify the requested corrections, additions or deletions.

XX.  Proposed Voir Dire Questions

The parties shall submit proposed voir dire questions with the Courtroom Clerk on January 3, 2013.

XXI.  Neutral Statement

The parties shall submit an agreed neutral statement of the case, which the Court will read to the jury panel, on January 3, 2013.  The Court emphasizes, and will so instruct the jury panel, that the neutral statement is not evidence, but is instead intended to provide the jury with a general overview of the case.

XXII.  Proposed Jury Instructions

The parties shall submit proposed jury instructions with the Courtroom Clerk on December 12, 2012.

XXIII.  Proposed Verdict Form

The parties shall file proposed verdict forms with the Courtroom Clerk on December 12, 2012.  The parties shall use best efforts to attempt to file an agreed upon verdict form.

XIV.  Rules of Conduct During Trial

  A.  General Rules

   1. All participants in the trial shall conduct themselves in a civil manner.  There shall be no hostile interchanges between any of the participants.

   2. All oral presentations shall be made from the podium, unless otherwise permitted by the court.

   3. Sidebar conferences are discouraged.  Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.

   4. Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

  B.  Jury Selection

The court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the court has concluded its questioning of the jury panel.  In some circumstances, the court may allow brief direct questioning by counsel.

### C. Opening Statements

Counsel may use visual aids in presenting the opening statement. However, any proposed visual aids shall be shown to opposing counsel before opening statement.

### D. Case in Chief

1. Counsel shall have his/her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

2. At the close of each trial day, counsel shall disclose his/her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

### E. Witnesses

1. Before approaching a witness, counsel shall secure leave of court to approach the witness.

2. Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

### F. Exhibits

1. All exhibits shall be marked and identified in accordance with the instructions in the Pretrial Order.

2. An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of court to publish the exhibit.

3. The court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

### G. Objections

1. No speaking objections or arguments are permitted in the presence of the jury. Counsel shall state the specific legal ground(s) for the objection, and the court will rule based upon the ground(s) stated. The court will permit counsel to argue the matter at the next recess.

2. The court will not assume that any objection made also implies with it a motion to strike an answer that has been given. Therefore, counsel who has made an objection, and who also wishes to have an answer stricken, shall also specifically move to strike the answer.

Case 1:11-cv-00466-AWI-JLT   Document 24   Filed 11/13/12   Page 12 of 12

### H.  Closing Argument

Counsel may use visual aids in presenting the closing argument.  However, any proposed visual aids shall be shown to opposing counsel before closing argument.

<u>FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER</u>.

IT IS SO ORDERED.

Dated:     November 9, 2012

_____
UNITED STATES DISTRICT JUDGE